SIGAL CHATTAH
Acting United States Attorney
District of Nevada
Nevada Bar No. 8264
LAUREN M. IBANEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Lauren.Ibanez@usdoj.gov
*Attorneys for United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-mj-00718-BNW |
| Plaintiff, | **CRIMINAL COMPLAINT** |
| v. | <u>VIOLATIONS</u>: |
| NEHEMIAH BAYONNE, | 21 U.S.C. §§ 952 and 960 – Importation of a Controlled Substance |
| Defendant. | 21 U.SC. § 841(a)(1) – Possession with Intent to Distribute a Controlled Substance |

BEFORE the Honorable Brenda N. Weksler, United States Magistrate Judge, Las Vegas,

Nevada, the undersigned Complainant, being duly sworn, deposes and states:

<u>**COUNT ONE**</u>
Importation of a Controlled Substance
(21 U.S.C. §§ 952 and 960)

On or about September 29, 2025, in the State and Federal District of Nevada,

**NEHEMIAH BAYONNE**,

defendant herein, did knowingly and intentionally import a mixture and substance containing

a detectable amount of ketamine, a Schedule III Controlled Substance, into the United

States from a place outside thereof, in violation of Title 21, United States Code, Sections 952

and 960.

1

1

2

## COUNT TWO
Possession with Intent to Distribute a Controlled Substance
(21 U.S.C. § 841(a)(1))

3        On or about September 29, 2025, in the State and Federal District of Nevada,

4        **NEHEMIAH BAYONNE,**

5   defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture

6   and substance containing a detectable amount of ketamine, a Schedule III controlled substance,

7   in violation of Title 21, United States Code, Section 841(a)(1).

8        ## PROBABLE CAUSE

9        I, Scott Melia, state the following as and for probable cause.

10        1.        I am a Special Agent ("SA") with the United States Department of Homeland

11   Security, Immigration and Customs Enforcement, Homeland Security Investigations

12   (hereinafter referred to as "HSI") and have been so employed since July 2010.  Previously, I

13   was employed from May 1998 until July 2010 with the New Orleans Police Department, first

14   as a Police Officer and finally as a Police Sergeant.  I also worked as a Detective in the

15   disciplines of Auto Theft, Robbery, Narcotics and Homicide. Additionally, I have served as a

16   Task Force Agent while assigned to the United States Marshals Service, Fugitive Recovery

17   Task Force.  HSI is responsible for enforcing federal criminal statues prohibiting, among other

18   things, the crossings of borders of the United States to facilitate or conceal criminal activity to

19   include kidnapping and fugitive recovery.  During the course of my employment with HSI, I

20   have investigated and/or participated in the investigations of various federal offenses,

21   including offenses involving the illegal possession and sale of, as well as trafficking in,

22   controlled substances across borders and fugitive recovery.  Through these investigations, as

23   well as investigations I conducted with the New Orleans Police Department, I have:

24   (1) participated in the execution of search and arrest warrants; (2) interviewed suspects and

2

witnesses; (3) gathered and seized evidence; (4) conducted static and mobile surveillance; and (5) executed search and arrest warrants that I have authored.  In addition, I have communicated with other federal, state, and local law enforcement agencies concerning drug trafficking operations, firearms offenses, money laundering, fugitive recovery and homicide. Based on my training, experience, participation in criminal investigations, interviews of suspects accused of a myriad of crimes, witnesses, and consultation with other law enforcement officers and agents, I am familiar with the methods used by transnational criminals to avoid detection and arrest or use borders to aid in concealing their whereabouts and criminal activity. I am currently assigned to the HSI Special Agent in Charge ("SAC") Las Vegas, Nevada ("NV"), and Cyber and Financial Crimes Group.

2.    This Affidavit is made in support of a criminal complaint against Nehemiah BAYONNE ("BAYONNE"), for a violation of 21 U.S.C. § 952 and 960, Importation of a Controlled Substance, and for a violation of 21 U.SC. § 841(a)(1), Possession with Intent to Distribute a Controlled Substance. The information contained in this Affidavit is based on my own personal knowledge and information communicated to me by other law enforcement officers with personal knowledge of facts relevant to this investigation. The Affidavit is intended only to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into, this matter.

3.    On or about September 29, 2025, Defendant Nehemiah BAYONNE arrived at Harry Reid International Airport in Las Vegas, Nevada onboard Virgin Atlantic flight # VS155 from London, England. After deboarding the airplane, BAYONNE approached the primary inspection area for international travelers entering the United States and was referred by a Customs and Border Protection (CBP) Officer to Customs for a baggage inspection.

4.      BAYONNE was escorted by CBP Officers to the baggage carousels to obtain his luggage. BAYONNE identified his luggage before being escorted to the inspection area. A binding declaration was taken by CBP Officers and BAYONNE was asked questions in reference to his luggage. BAYONNE stated to CBP Officers that the bags belonged to him.

5.      During the inspection of BAYONNE's bags (one black, one gray), CBP Officers observed clothing on one side of the bags and packages shaped similarly to bricks on the other side. The bricks were found in both the black and gray bags. In total, there were thirty-two "bricks," sixteen in each bag. Each brick separately contained a white crystal-like solid substance.

6.      A total of thirty-two bricks were removed from the black and gray bags and weighed with an approximate total weight of 32.8kg (72.31lbs). The white crystal-like substance from the thirty-two plastic bags tested positive for the presence of ketamine, utilizing the Gemini Chemical Identification Analyzer by CBP Officers. Ketamine is a Schedule III controlled substance.

///
///
///
///
///
///
///
///
///
///

7.    Based on the foregoing facts and information, I submit there is probable cause to believe that Nehemiah BAYONNE did violate 21 U.S.C. §§ 952 and 960, Importation of a Controlled Substance, and 21 U.S.C. §§ 841(a)(1), Possession of a Controlled Substance with Intent to Distribute.

SCOTT M MELIA

Digitally signed by SCOTT M MELIA
Date: 2025.09.30 10:45:58 -07'00'

Scott Melia, Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone or other electronic means on this __30th__ day of September, 2025.

HONORABLE BRENDA N. WEKSLER
UNITED STATES MAGISTRATE JUDGE

5